ELLEN S. LINCOLN, Administratrix, *vs.* BRADFORD LINCOLN.

Declarations by the payee of a promissory note to the attesting witness at the time of his attestation, but in the absence of the maker, are not admissible against the maker to explain the payee's motive in wishing to have it attested.

Under an answer denying the making of a promissory note, an alteration since it was signed may be proved.

Under the *St.* of 1857, *c.* 305, § 1, a defendant in an action brought by an administrator is a competent witness to disprove admissions alleged to have been made by him since the administrator's appointment.

When both parties and the judge at the trial of an action on a promissory note treat the case as if the plaintiff is entitled to a verdict for the entire amount or nothing, he cannot afterwards claim a verdict for a part only.

In an action on a promissory note, a sealed verdict returned during the adjournment of the court " for the defendant for want of full consideration " may be changed by order of the court into a general verdict for the defendant, if afterwards affirmed by the jury.

ACTION OF CONTRACT upon a promissory note for $5108, payable to Bradford Lincoln, Jr., the plaintiff's intestate, and purporting to be attested by C. J. F. Binney. The answer denied that the defendant ever made or signed the note or authorized it to be made or signed; that there was any consideration for such a note; or that he ever signed in the presence of Binney any writing of the tenor or purport of that declared on; or that Binney ever attested any such paper in his presence or at his request or with his knowledge or consent.

At the trial in the court of common pleas, before *Aiken*, J., the plaintiff, to prove the execution of the note, called Binney, who testified that he saw a man whom Bradford Lincoln, Jr. called his father sitting at a desk with a pen in his hand as if to write; that the witness left the room, and when he returned found him gone and a piece of paper lying on the table, purporting to have been signed by Bradford Lincoln, which Bradford Lincoln, Jr. requested him to witness; and he did.

The plaintiff offered to prove by Binney, as part of the *res gestæ*, that at the time of his signing the note as a witness, Bradford Lincoln, Jr. told him " that he wanted a witness that the note should not be outlawed, and that it would be something for his family if he should be taken away, and that the note would probably lie till the defendant's decease, and that his brothers were jealous of his getting more than his share;" and this testimony was admitted against the defendant's objection. In his closing argument, the plaintiff's counsel contended that this evidence showed the transaction to have been in good faith; and that it was evidence explaining the motive of Bradford Lincoln, Jr. for causing the note to be attested. The defendant's counsel objected to this line of argument; and the judge then ruled that these declarations, made in the absence of the defendant, were not proper evidence of the intestate's motive for getting this note attested, nor proper evidence of his motives as facts, but that they were evidence as declarations accompanying an act and as giving character to the act of attestation.

The defendant's counsel, in opening his case, said that he should not contend that the signature of the note was not in the defendant's handwriting, but that he should contend that the note had been materially altered since it was signed, by increasing the sum from $108 to $5108, and by attesting it in the absence of the defendant and without his knowledge. The plaintiff objected that such an alteration of the note, not being alleged in the answer, would not be admissible in evidence; but did not suggest that he was surprised by the offer to prove such alterations, or intimate any wish for delay to meet such evidence. The judge admitted the evidence.

The plaintiff having introduced the testimony of Augustine Lincoln to prove that the defendant, in a conversation with Augustine, after the plaintiff's appointment as administratrix, admitted the signature and full consideration of the note, the defendant was admitted as a witness to disprove such admissions, although the plaintiff objected to his competency, under *St.* 1857, *c.* 305, § 1.

The defendant's counsel, in his closing argument, assumed

that either there was a full consideration for the note to its full amount of. $5108, or the note was wholly without consideration; that if the jury found for the plaintiff, they must find for the full amount of the note, or their verdict must be for the defendant; and he contended that the note was wholly without consideration. The plaintiff's counsel, on the other hand, contended that the evidence proved a consideration to the full amount of the note, and did not claim before the court or jury to recover any less. No question was made during the trial as to the divisibility of the claim, or as to a partial recovery. The judge, in his charge to the jury, stated that as both counsel had seen fit to take the position that the verdict, if for the plaintiff, must be for the full amount of the note, otherwise for the defendant, they would so find.

The jury, during the adjournment of the court, returned a sealed verdict " for the defendant for want of full consideration," the form of which the judge directed to be changed for a general verdict for the defendant ; and such a verdict was written and signed by the foreman and affirmed by the jury. The plaintiff alleged exceptions.

*E. Worthington,* for the plaintiff.

*J. J. Clarke,* for the defendant.

METCALF, J. 1. It may well be doubted whether Binney s testimony as to declarations made to him by Bradford Lincoln, Jr., in the absence of the defendant, was admissible in the plaintiff's favor, for any purpose. Very clearly, those declarations were not legal evidence of anything more than was allowed to them by the judge's ruling.

2. The evidence that the note was altered, after the defendant signed it, was admissible under the defendant's answer, which denied that he ever made or signed the writing called a promissory note in the plaintiff's declaration. Under this answer, the plaintiff was required to prove not only the defendant's signature, but also that he signed the note declared on ; that is, a note for five thousand one hundred and eight dollars. On the plaintiff's giving *prima facie* evidence of what he was required to prove, the defendant might rebut and control that evidence, by showing

that the note had been altered after it was signed. And no law, of which we have any knowledge, requires a defendant to give a plaintiff notice, written or oral, of the evidence which he intends to produce by way of rebutting that which the plaintiff must produce in order to support his case.

3. The provision of *St.* 1857, *c.* 305, § 1, is, that a defendant, who is sued by an administrator, may testify in his own favor as to acts done and contracts made after the appointment of the administrator. The admissions of the defendant, testified to by Augustine Lincoln, were after the plaintiff was appointed administratrix, and the defendant's testimony concerning them was rightly admitted. They were of that class of acts, denominated verbal acts, respecting which, we have no doubt, the statute enables him to testify. A different construction of the statute would be manifestly contrary to its spirit.

4. If the note was not wrongfully altered, but only was given for a sum greater than the consideration therefor, the plaintiff might legally have had a verdict for part of its amount; that is, for the amount of the consideration, and interest. But the case was put to the jury, by both parties, on the assumption and understanding that the verdict should be for the defendant, unless the jury should find that there was a consideration for the note to the full amount for which it was expressed to be given. The plaintiff is therefore bound by the verdict given on the ground upon which she chose to rest her case. The jury did not pass upon the question whether the note had been wrongfully altered; and it is evident, we think, that neither party desired that they should.

5. The judge rightly directed that the verdict should be put into the form in which it was affirmed by the jury.

*Exceptions overruled.*